*Jury Instructions - Given*

*USA -v- Sebolt*

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

DOCKETED
APR 1 4 2003

FILED
APR 1 0 2003
RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness' intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness' testimony in light of all the evidence in the case.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged in Count One of the indictment with the offense of knowingly possessing material that contained images of child pornography that had been shipped in interstate commerce by means including a computer.

The defendant is charged in Count Two of the indictment with the offense of knowingly transporting and shipping child pornography, namely a computer image entitled "helgav049.jpg," in interstate commerce by means of a computer.

The defendant is charged in Count Three of the indictment with the offense of knowingly transporting and shipping child pornography, namely a computer image entitled "hel-an09.jpg," in interstate commerce by means of a computer.

The defendant is charged in Count Four of the indictment with the offense of knowingly making and publishing a notice and advertisement that was transported in interstate commerce by means including a computer and offering to receive, exchange, produce, display, distribute and reproduce visual depictions involving the use of minors engaging in sexually explicit conduct, and the visual depictions defendant advertised were of such conduct.

The defendant has pleaded not guilty to the charges.

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

You have received evidence of a statement said to be made by the defendant to law enforcement officers. You must decide whether the defendant did in fact make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.

You have heard evidence of acts of the defendant other than those charged in the indictment. You may consider this evidence only on the questions of: (1) the identity of the defendant as the individual who committed the charged acts and (2) the reliability of the statement said to have been made by the defendant. You should consider this evidence only for these limited purposes.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

Law enforcement officers, in the course of official investigations, may legally employ investigative techniques that deceive and may engage in conduct that would otherwise be unlawful if done by non-law enforcement personnel. In the effort to detect violations of the laws, the government is entitled to use stratagems, artifices, ruses and undercover agents.

To sustain the charge of unlawful possession of child pornography as charged in Count One of the indictment, the government must prove the following propositions:

First, that on or about July 1, 2002, the defendant knowingly possessed material that contained at least one image of child pornography;

Second, that the defendant knew that the child pornography depicted at least one minor;

Third, that the defendant knew that the minor depicted was an actual child under the age of eighteen years;

Fourth, that the defendant knew the general nature, character, and content of the child pornography; and

Fifth, that the child pornography was transported in interstate commerce by any means, including by computer OR that the child pornography was produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including a computer.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count One.

To sustain the charge of transporting and shipping child pornography, as charged in Count Two of the indictment, the government must prove the following propositions:

First, that on or about March 14, 2002, the defendant knowingly transported or shipped child pornography, namely a file named "helgav049.jpg";

Second, that the defendant knew that the child pornography depicted at least one minor;

Third, that the defendant knew that the minor depicted was an actual child under the age of eighteen years;

Fourth, that the defendant knew the general nature, character, and content of the child pornography; and

Fifth, that the child pornography was transported in interstate commerce by any means, including by computer.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Two.

To sustain the charge of transporting and shipping child pornography, as charged in Count Three of the indictment, the government must prove the following propositions:

First, that on or about June 25, 2002, the defendant knowingly transported or shipped child pornography, namely a file named "hel-an09.jpg";

Second, that the defendant knew that the child pornography depicted at least one minor;

Third, that the defendant knew that the minor depicted was an actual child under the age of eighteen years;

Fourth, that the defendant knew the general nature, character, and content of the child pornography; and

Fifth, that the child pornography was transported in interstate commerce by any means, including by computer.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Three.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Three.

To sustain the charge of making and publishing a notice and advertisement and offering to receive, exchange, produce, display, distribute, and reproduce child pornography, as charged in Count Four of the indictment, the government must prove the following propositions:

First, in or about March 2002, the defendant knowingly made or published a notice or advertisement;

Second, that the notice or advertisement offered to receive, exchange, produce, display, distribute or reproduce any visual depiction;

Third, that the defendant knew that the production of the visual depiction utilized a minor engaging in sexually explicit conduct and such visual depiction is of such conduct;

Fourth, that the defendant knew that the minor depicted was an actual child under the age of eighteen years; and

Fifth, such notice or advertisement was actually transported in interstate commerce by any means including by computer.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Four.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Four.

"Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct or such visual depiction has been created, adapted or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

"Sexually explicit conduct" means actual or simulated:

(1) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(2) bestiality;

(3) masturbation;

(4) sadistic or masochistic abuse; or

(5) lascivious exhibition of the genitals or pubic area of any person.

Not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a picture or image of the genitals or pubic area constitutes such a lascivious exhibition requires a consideration of the overall content of the material. It is for you to decide the weight or lack of weight to be given to any of the following factors. A picture or image need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

You may consider such factors as (1) whether the focal point of the picture or image is on the child's genitals or pubic area; (2) whether the setting of the pictures or image is sexually suggestive, that is, in a place or pose generally associated with the sexual activity; (3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the child is fully or partially clothed, or nude; (5) whether the picture or image suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture or image is intended or designed to elicit a sexual response in the viewer; (7) whether the picture or image portrays the child as a sexual object; and (8) any captions that may appear on the pictures or images.

The term "minor" means any person under the age of eighteen years. The term "minor" includes only natural persons, and does not include images that were made without using a real person, for example, through the use of digital or virtual creations of an image that appears to be a minor. For the purpose of the statutes in question, under the age of eighteen refers to the person's age at the time when the visual depiction of that person engaging in sexually explicit conduct was produced.

Possession of an object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction or control over it, either directly or through others.

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

The term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of minors engaged in that sexually explicit conduct.

The defendant need not have specific knowledge as to the actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

In order to prove a violation of these offenses, the government does not have to show that the defendant received any pecuniary gain. In other words, the advertising, distribution and possession could be simply for a noncommercial, personal reason.

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

"Foreign commerce" includes commerce with a foreign country.

Transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate or foreign commerce.

"Visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not consider the question of punishment. It should not enter into your consideration or discussions at any time.

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal. If you are in disagreement, please do not indicate your numerical division in any note that you send to me.

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you. [Forms of verdict read.] Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA    )
    )
    v.    )    No. 02 CR 648
    )    Judge Ronald A. Guzman
PHILIP MICHAEL SEBOLT    )

## VERDICT – COUNT FOUR

We, the jury, find the defendant, PHILIP MICHAEL SEBOLT, NOT GUILTY as charged

in Count Four of the Indictment.

_____

FOREPERSON

_____

_____

_____

_____

Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 02 CR 648
) Judge Ronald A. Guzman
PHILIP MICHAEL SEBOLT )

## <u>VERDICT – COUNT THREE</u>

We, the jury, find the defendant, PHILIP MICHAEL SEBOLT, NOT GUILTY as charged

in Count Three of the Indictment.

_____        _____
FOREPERSON

_____        _____

_____        _____

_____        _____

_____        _____

_____
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. )    No. 02 CR 648
)    Judge Ronald A. Guzman
PHILIP MICHAEL SEBOLT )

## VERDICT – COUNT TWO

We, the jury, find the defendant, PHILIP MICHAEL SEBOLT, NOT GUILTY as charged

in Count Two of the Indictment.

_____        _____
FOREPERSON

_____        _____

_____        _____

_____        _____

_____        _____

_____
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
              v.                  )        No. 02 CR 648
                                  )        Judge Ronald A. Guzman
PHILIP MICHAEL SEBOLT             )

## VERDICT – COUNT ONE

We, the jury, find the defendant, PHILIP MICHAEL SEBOLT, NOT GUILTY as charged
in Count One of the Indictment.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____

              _____
              Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 02 CR 648 |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, |
| | ) | Sections 2252A(a)(5)(B), 2252A(a)(1), |
| PHILIP MICHAEL SEBOLT | ) | 2251(c)(1)(A), and 2253 |

### COUNT ONE

On or about July 1, 2002, in the Northern District of Illinois, Eastern Division,

### PHILIP MICHAEL SEBOLT,

defendant herein, knowingly possessed material that contained images of child pornography that had

been shipped and transported in interstate commerce by means including a computer;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT TWO

On or about March 14, 2002, in the Northern District of Illinois, Eastern Division,

### PHILIP MICHAEL SEBOLT,

defendant herein knowingly transported and shipped child pornography, namely, a computer image

entitled "helgav049.jpg," in interstate commerce by means of a computer;

In violation of Title 18, United States Code, Section 2252A(a)(1).

## COUNT THREE

On or about June 25, 2002, in the Northern District of Illinois, Eastern Division,

### PHILIP MICHAEL SEBOLT,

defendant herein knowingly transported and shipped child pornography, namely, a computer image

entitled "hel-an09.jpg," in interstate commerce by means of a computer;

In violation of Title 18, United States Code, Section 2252A(a)(1).

## COUNT FOUR

In or about March 2002, in the Northern District of Illinois, Eastern Division, and elsewhere,

PHILIP MICHAEL SEBOLT,

defendant herein, knowingly made and published a notice and advertisement that was transported in interstate commerce by means including a computer and offered to receive, exchange, produce, display, distribute, and reproduce visual depictions involving the use of minors engaging in sexually explicit conduct, and the visual depictions defendant advertised were of such conduct;

In violation of Title 18, United States Code, Section 2251(c)(1)(A).