UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 0 3 2004

RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA )
)
v. ) No. 02 CR 648
) Hon. Ronald A. Guzman
)
PHILIP MICHAEL SEBOLT )

DOCKETED
MAR 1 2 2004

## GOVERNMENT'S EMERGENCY MOTION FOR RECONSIDERATION

The UNITED STATES OF AMERICA, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court to reconsider its decision to deny the government's upward departure motion as untimely. In support of its motion, the government states as follows:

1. On April 10, 2003, following a three day jury trial before this Court, defendant Philip Michael Sebolt was convicted of possession of child pornography, transmission of child pornography and posting an advertisement offering to receive, distribute, exchange and produce child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), 2252A(a)(1) and 2251(c)(1)(A). On April 27, 2003, the government filed a detailed government's version of the offense in which the government explained its intention to make five motions for upward departure and explained the basis of each motion. *See* Attachment A at 14-16. A copy of the government's version was sent to defense counsel on the same date. Accordingly, defendant Sebolt had notice of the government's intention to seek upward departures on the reasons set forth in the government's version for almost 11 months.

2. Defendant's sentencing was originally set for June 18, 2003. The sentencing date was

-1-

87

continued on multiple occasions for almost a year based on defendant's repeated requests for continuances. The most recent sentencing date was set for March 5, 2004.

3. The pre-sentence report noted all five upward departure motions and the basis for the motions and was sent to defense counsel on November 26, 2003. The pre-sentence report had the government's version attached to it.

4. Defense counsel informed the government last week that he intended to ask for another continuance because he was going to be on trial on March 5th. Government counsel was informed on the afternoon of Friday, April 27th, that defense counsel's motion for a continuance was denied. On Monday March 1st, defense counsel contacted government counsel and stated he planned to file an emergency motion to reconsider the denial of the sentencing extension, which he did on March 2, 2004.

5. On March 1st, defense counsel filed also filed his objections to the pre-sentence report, which included *a response to each of the upward departure motions that the government gave notice of* in its government version and which the probation officer noted in the pre-sentence report. *See* Attachment B. In addition to the objections to the pre-sentence report, defendant also filed a motion to supplement the pre-sentence report with psychological records and letters from family and friends. Notable, defense counsel has not provided any of these materials to the government as of this date.

6. On the morning of March 2nd, government counsel filed a formal motion for upward departures on the identified bases first anticipated in the government's version 11 months ago and that were discussed in detail in the government's version of the offense. There was never a time set by the Court for the filing of the upward departure motions. The only new information presented in the government's formal motion was additional facts pertaining to a particular child molestation

committed by the defendant. Defense counsel has had the reports containing those facts for months and was given notice months ago that the government planned to introduce evidence of the defendant's acts of molestation at his sentencing hearing.

7. Defense counsel's emergency motion to continue the sentencing based on the upward departure motions is a new, convenient excuse to put off a sentencing for which he has failed to prepare for almost a year. He has had notice since April 27, 2003 that the government intended to ask for five upward departure motions and the basis for them. In fact, defense counsel fully responded to the motions on March 1st. Thus, conducting a sentencing hearing that includes consideration of the government's requests for upward departure cannot possibly prejudice the defendant.

8. For the reasons discussed above, the government respectfully requests that this Court reconsider its motion to deny the government's upward departure motions as untimely. In the alternative, the government respectfully requests that this Court deny defendant's motion to supplement the pre-sentence report and objections to the pre-sentence report as untimely or grant a continuance of the sentencing date to give the government time to review the supplementary material, which it has yet to receive.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: *(signature)*
VALARIE HAYS
Assistant U.S. Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois 60604

# See Case File for Exhibits