UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. 02 CR 648 |
| | ) | Hon. RONALD A. GUZMAN |
| | ) | Presiding Judge |
| PHILIP SEBOLT, | ) | |
| Defendant. | ) | |

DEFENDANT SEBOLT'S MEMORANDUM REGARDING RESENTENCING FILED PURSUANT TO THE SEVENTH CIRCUIT'S PALADINO REMAND

Defendant, Phillip Sebolt, by his attorney, Robert S. Nathan, pursuant to the Circuit Court of Appeal's Paladino remand respectfully requests this Court to vacate its prior sentence and impose a lesser sentence consistent with the factors as set forth in 18 USC §3553(a). In support thereof, Defendant states as follows:

I.    Introduction

1

Defendant, Phillip Sebolt, respectfully submits this memorandum and the information contained herein to persuade this Court to vacate its original sentence and to assist this Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment in accordance with 18 USC §3553(a).

II. <u>Procedural Background</u>

Following a three day jury trial, Defendant was convicted of possession of child pornography, transmission of child pornography, and posting an advertisement offering to receive, distribute, exchange and produce child pornography in violation of Title 18 USC Sections 2252(A)(5)(B), 2252A(a)(1) and 2252(c)(1)(A). Mr. Sebolt was subsequently sentenced to serve 360 months in the Bureau of Prisons. On appeal, the Seventh Circuit Court of Appeals ordered a limited remand pursuant to *Paladino*. For the reasons stated below, the Defendant submits that the Court should vacate its prior sentence and impose a sentence consistent with the goals of 18 USC 3553.

III.  Sentencing

The United States Supreme Court in *U.S v. Booker,* S.Ct. 738; 160 L. Ed. 2d 621(2005) held that the United State's Sentencing Guidelines are advisory, not mandatory, and that sentencing courts are required to consider all factors listed in 18 USC §3553(a) in imposing a sentence. *Booker* directs courts to "impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public and effectively provide the defendant with needed educational or vocational training and medical care." *Id.* *Booker* changed sentencing in at least three fundamental ways: sentencing courts now have the ability to fashion a sentence tailored to the individual circumstances of the case and the defendant by considering factors other than the sentencing range; sentencing courts now have the discretion to sentence a defendant within the statutory range, as opposed to the guideline range, as long as the sentence is reasonable in light of the §3553(a) factors; and sentencing courts

3

are now required to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

Title 18 USC §3553(a) mandates a sentencing court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the goals of sentencing." Those goals include: just punishment; adequate deterrence; protecting the public and providing remedial treatment and training. Sentencing courts should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guideline range, pertinent Sentencing Commission policy statements and the need to avoid unwarranted sentencing disparities. *Id.* Mr. Sebolt submits to this Court that a sentence of 240 months would be sufficient to meet the mandate of 18 USC §3553.

1. <u>The Nature and Circumstances of the Offense and History and Characteristics of Mr. Sebolt.</u>

Mr. Sebolt acknowledges that his conduct as recounted through testimony and through the various memorandums filed by both the Government and probation was reprehensible. However, in determining whether to vacate his initial sentence, Mr. Sebolt submits that this Court should revisit its conclusions that Mr. Sebolt is a poor candidate for rehabilitation and that he poses a significant risk of reoffending once released from the Bureau of Prisons. (Sentencing Hearing Transcript, March 3, 2004, p. 86).

Rehabilitation

The Sex Offender Treatment Program (SOTP)[1], was established by the Bureau of Prison's program at the Federal Correctional Institution in Butner, North Carolina. It is the philosophy of the program that while there is no permanent cure for paraphilic disorders, criminal sexual behavior can be effectively managed in most cases through competent treatment and intensive supervision. The primary

---

[1] The guidelines for the SOTP are attached in their entirety at the conclusion of Mr. Sebolt's letter addressing this Court.

goal is to help sexual offenders manage their sexual deviance in order to reduce sexual recidivism.

Through the program, participants are expected to acquire:

1. Remorse and guilt for the sexual crimes committed;

2. Complete acceptance of responsibility for the sexual crimes he committed;

3. Recognition of deviant sexual arousal and sexual offense patterns;

4. Control and management of deviant sexual arousal and behavior;

5. Improvement in the ability to manage negative emotions;

6. Genuine empathy for the offender's victims;

7. Improvement in social skills and overall personal functioning; and

8. Knowledge of relapse prevention skills.

A review of Mr. Sebolt's letter addressing the Court before his initial sentencing demonstrates that he already possesses many of the skills participants in the SOTP treatment program are expected to acquire. His letter also

demonstrates that he is highly motivated to overcome the issues that have resulted in his lengthy incarceration.[2]

Recidivism

A 2004 report prepared by the Washington Sentencing Guidelines Commission entitled, "Sex Offender Sentencing" reveals that recidivist rates amongst sexual offenders is lower than that of other felons.[3] The report finds that, "Sex offenders re-offend at lower rates than those convicted of other felonies. After five years, 15% of sex offender's return to prison for new offenses compared to 43% of offenders convicted of property crimes." Another notable finding of the Washington Sentencing Guidelines Commission is that although sex offenders have lower recidivist rates than inmates convicted of other felonies, on average sex offenders serve longer terms in prison and jail than persons convicted of other

---

[2] Mr. Sebolt's letter to this Court is attached.
[3] The Washington State Sentencing Commission's 2004 report is attached.

7

felony offenses. In fiscal year 2003, the average sentence length for all felonies was 37.3 months, compared to 90.8 months for sex offenses.

2.      **The Need for the Sentence Imposed**

As set forth above, should the Court vacate Mr. Sebolt's initial sentence, it is his position that a 240 month sentence is appropriate. A 240 month sentence underscores the seriousness of the offense, promotes respect for the law, and provides just punishment. It also provides adequate deterrence and protects the public. A 240 month sentence would give Mr. Sebolt an opportunity to continue to deal with the issues that resulted in his incarceration.

As people age they begin to place a greater value on life because once life is lost, it is gone forever. Mr. Sebolt will be almost forty when he completes his 240 month sentence. A sentence of 240 month underscores the seriousness of the offense because Mr. Sebolt values life and does not want to lose any more of his life to incarceration. It is of paramount importance to Mr. Sebolt to have one

8

more opportunity to live out the rest of his life as a responsible and productive member of society and to prove that he can control his sexually deviant behavior.

Such a sentence promotes deterrence for the aforementioned reasons and because Mr. Sebolt is acutely aware that once he is released from prison, he will be placed on supervised release. Should he violate the law in any form or fashion, he will violate his supervised release and will assuredly be returned to prison. Finally, a 240 month sentence is just punishment for the offenses for which Mr. Sebolt has been convicted.

A 240 month sentence will provide adequate deterrence and protect the public. Presumably, Mr. Sebolt will not be committing crimes in prison and once he is released from prison, should he commit another crime, he would violate the terms of his supervised release and would be sent back to prison.

3. Kind of Sentences Available

Count I carries a maximum term of imprisonment of 60 months, Counts II and III carry a maximum sentence of 180 months and Count IV makes the statutory

9

mandatory minimum sentence 120 months with a maximum sentence of 240 months. This Court must fashion a sentence that is consistent with §3553 and may in its discretion sentence Mr. Sebolt in accordance with the advisory sentencing guidelines.

4.   The Sentencing Guidelines

The Court after considering the sentencing calculations in the Presentence Investigation Report and the Government's various motions for an upward departure sentenced Mr. Sebolt accordingly; Count I, 60 months, Counts II and III, 120 months and Count IV, 240 months. Count I is to run concurrent with all other counts, Counts II and III the sentences are to run concurrent with each other, However, Counts II and III are to run consecutive to Count IV. It is Mr. Sebolt's position that this Court should vacate the original sentence and impose a sentence closer to the sentencing range called for in the Presentence Investigation Report, 210-262.

5.   Minimally Sufficient Sentence

10

Regardless of what the advisory guidelines suggest as a sentence, it must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. It is respectfully submitted that a 240 month sentence is sufficient to achieve the goals of §3553. The sentence is more than sufficient in that Mr. Sebolt recognizes the wrongfulness of his conduct. He also is well aware that the consequences of his crime warrant incarceration. The sentence achieves the goals of deterrence, incapacitation, and rehabilitation and promotes respect for the law.

In determining a minimally sufficient sentence, this Court should inquire as to whether a more severe sentence would achieve greater justice, deterrence, incapacitation or rehabilitation. Respectfully, it would not in this case. An additional 31 months will do nothing to further the goals of §3553.

5.    Fine and Restitution

Imposing a fine is discretionary and Mr. Sebolt respectfully requests that this Court waives any fines and/or fees.

6.    Conclusion

11

For the aforementioned reasons, Mr. Sebolt respectfully requests that this Court vacate his original sentence of 360 months and impose a sentence consistent with the above memorandum.

Respectfully submitted,

"s/Robert S. Nathan"

Robert S. Nathan

Attorney for Defendant, Phillip Sebolt

53 West Jackson Blvd. Suite 1556

Chicago, Illinois 60604

312-371-3600

## CERTIFICATE OF SERVICE

I, Robert S. Nathan, the attorney for Phillip Sebolt, certify that I electronically filed the foregoing with the Clerk of the Court for the Northern District of Illinois, Eastern Division using the CM/ECF system which sent notification to the following party:

Matthew Schneider, Assistant United States Attorney

and I hereby certify that I have mailed by United States Postal Service, facsimile, or hand delivery the document to the following non-CM/ECF participants:

NA

"s/Robert S. Nathan"

Robert S. Nathan

Attorney for Defendant, Phillip Sebolt

53 West Jackson Blvd.

Suite 1556

Chicago, Illinois 60604

312-371-3600