NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

April 8, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 04-2588

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>           *Plaintiff-Appellee*, <br><br>     *v.* <br><br> PHILIP M. SEBOLT, <br>           *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois. <br><br> No. 02 CR 648 <br><br> Ronald A. Guzman, <br> *Judge*. |

**O R D E R**

Philip Sebolt appealed his conviction and sentence of 360 months' imprisonment for various federal crimes involving child pornography. We affirmed his conviction, but ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether the district court would have imposed the same sentence had he known that the federal Sentencing Guidelines were advisory rather than mandatory.  In an order dated December 22, 2008, Judge Ronald A. Guzman, replied that he would have, citing the sentencing goals enumerated in 18 U.S.C. § 3553.  We now must determine whether the sentence imposed was

No. 04-2588                                                                                  Page 2

reasonable. *United States v. Hanhardt*, No. 02-2253, 2006 WL 1004883, at \*1 (7th Cir. Apr. 13, 2006); *see Paladino*, 401 F.3d at 484.

In his position statement, Sebolt asserts, without explanation, that (1) his sentence is unreasonable in light of the objectives of 18 U.S.C. § 3553, and (2) Judge Guzman failed to comply with 18 U.S.C. § 3584(b) in imposing his sentences consecutively.

Sebolt's sentence fell within the applicable Guidelines range, and is therefore presumed reasonable. *See United States v. Mykutiuk*, 415 F.3d 606, 608 (7th Cir. 2005). As we previously noted, at Sebolt's initial sentencing "[t]he judge thoroughly discussed his reasons to ensure that the sentencing range reflected the seriousness of Sebolt's conduct and the sheer volume of pornography he possessed." *United States v. Sebolt*, 460 F.3d 910, 919 (7th Cir. 2006). In its December 22 order, the judge referenced that discussion, noting that he had already fully considered the different factors impacting the § 3553 sentencing goals. With that in mind, the district judge found no basis for imposing a different sentence. Since Sebolt has offered nothing to overcome that finding, he has failed to rebut the presumption that his sentence is reasonable. *See Mykutiuk*, 415 F.3d at 608.

As to Sebolt's second argument, § 3584(b) requires that the district judge consider the factors set forth in § 3553 in determining whether to impose concurrent or consecutive terms. Judge Guzman made clear that he had considered those factors, including just punishment, adequate deterrence, protecting the public, and providing remedial treatment and training. Sebolt's consecutive sentences therefore did not violate § 3584(b).

We AFFIRM.